I cannot agree with the majority opinion. The decision rests upon the assumption that there was an abandonment by the husband of his wife and children. If this is true, it would seem that the case is governed by L. 1939, c. 398, § 1, Minn. St. 1941, § 261.07 (Mason St. 1940 Supp. § 3161), which provides:
"* * * a married woman, abandoned or deserted by her husband for a period of one year continuously, shall thereafter have the same right to acquire a new settlement as a single person."
The majority opinion indicates that the husband abandoned or deserted his wife about February 28, 1940, or prior thereto. On April 11, 1941, he was incarcerated in the federal penitentiary. The present proceedings were instituted April 30, 1942. It would seem, therefore, that if there was an abandonment by the husband, under the aforesaid statute the wife had the right to, and did, establish and acquire a new settlement in Minneapolis, where she has lived since 1937, with the exception of the period from March 10, 1940, to September 5, 1940, when she lived in Roseau county.
On the other hand, under the principles expressed in the majority opinion, if there has not been an abandonment by the husband such as is contemplated under § 261.07, supra, then the family should not be separated. The home should be protected and preserved as the foundation of our social structure. The courts have adhered to this principle even to the extent of holding that imprisonment in itself does not constitute desertion so as to permit removal of the wife to her maiden settlement. 48 C. J., Paupers, p. 495, § 145, which reads:
"It has been held, on the ground of public policy, and as a principle of the common law, recognized by statutory provisions in some jurisdictions, that paupers cannot be removed where such removal would result in the separation of husband and wife, and the fact *Page 369 
that they consent to be separated has been held immaterial.It follows that, where a family becomes a public charge or islikely to become so, and the husband is unsettled, the wifecannot be separated from him and removed to the place of hermaiden settlement. * * * But there is no desertion * * * where husband and wife live apart by mutual agreement, or where thehusband is confined in jail by legal process, the wife and family continuing their residence." (Italics supplied.)
The reason for this rule is apparent in the instant case. Agnes Rutland has two children, aged two and five years. At no time in the last six years has she lived in Whitefield, and in fact at no time in her life did she live there except for a period of nine months, in 1935 and 1936, when she worked on a farm near the town. In all probability, the only friends and acquaintances she now has are in Minneapolis. If she is permitted to live in that city until her children are older, it is possible she may ultimately obtain employment there, and rehabilitate herself and raise her family from its present low standard. To force her and her small children on the township of Whitefield, where they are without friends or relatives, in their present state of subjection and poverty, may prevent them permanently from rising above their present standard.